# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KAREN S. MEADE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0934** (BOR Appeal No. 2045298)
(Claim No. 2010121565)

**KANAWHA HOME HEALTH, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karen S. Meade, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha Home Health, Inc., by Bradley Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 23, 2011, in which the Board reversed a November 16, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 3, 2010, decision denying the claimant's application for workers' compensation benefits for carpal tunnel syndrome and left lateral epicondylitis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Meade worked as a homemaker for Kanawha Home Health, Inc. On February 3, 2010, the claims administrator denied an application for workers' compensation benefits for bilateral carpal tunnel syndrome and left lateral epicondylitis because there was neither an occupational injury nor an occupational disease. The Office of Judges reversed the claims administrator's Order and held the claim compensable for bilateral carpal tunnel syndrome and left lateral epicondylitis. The Office of Judges held that Ms. Meade developed the conditions as a result of her employment with Kanawha Home Health, Inc.

1

The Board of Review reversed the Office of Judges, and held that the preponderance of the evidence establishes that Ms. Meade's conditions were not causally related to her employment. On appeal, Ms. Meade argues that the medical evidence and testimony establishes that bilateral carpal tunnel syndrome and left lateral epicondylitis are the result of her employment with Kanawha Home Health. Kanawha Home Health disagrees and maintains that the evidence does not link Ms. Meade's conditions to her occupational duties.

In reversing the claims administrator's Order, the Office of Judges determined that Ms. Meade met her burden of proving that she developed bilateral carpal tunnel syndrome and left lateral epicondylitis as a result of her employment with Kanawha Home Health. It noted that Ms. Meade continually used her upper extremities to care for the patients she served through Kanawha Home Health. The Office of Judges relied on the reports of Drs. McCleary and Siegel who determined that Ms. Meade's conditions were the result of her employment. It noted that Dr. Thaxton did not perform a personal evaluation of Ms. Meade. The Board of Review relied heavily on Dr. Thaxton's record review and West Virginia Code of State Rules § 85-20-41.5 (2006) in finding that Ms. Meade's conditions were not compensable. However, West Virginia Code of State Rules § 85-20-41.5 does not preclude a finding of compensability if the evidence supports such a finding. We agree with the reasoning and conclusions of the Office of Judges that the evidence demonstrates that Ms. Meade developed bilateral carpal tunnel syndrome and left lateral epicondylitis as a result of her employment with Kanawha Home Health.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instruction to reinstate the decision of the Office of Judges dated November 16, 2010.

Reversed and Remanded.

**ISSUED:   April 19, 2013**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

2